OPINION of the Court, by
Judge Logan.
Yoder,, as the security of others, jointly with them covenanted to furnish Alien by a given day, with two healthy, sensible, likely and sizeable negro boys, between fourteen and eighteen years of age, in consideration, as the writing expresses it, of 450 dollars then paid, and 210 dollars to be paid on the delivery of the boys.
Upon this writing Allen instituted suit, and recovered a verdict and judgment for 710 dollars. Whereupon he sued out execution, which was levied on four ne- , p; ops, as the property ol one of the obligors, which were suid in virtue thereof, and Yoder became the purchaser.
Lui these slaves not having sold for the amount of the iudgrnent, Yoder afterwards exhibited his bill, alleging that he had paid 445 dollars of the judgment, and praying relief as to the residue on two grounds : 3 st, 1 hat he had been induced to enter himself as security, under the agreement that 210 dollars was not to be paid until the negroes were delivered ; so that thereby that sum would stand as so much paid, in case of a failure to deliver the negroes : whereas Alien had satisfied that demand and taken up his bond for the same, and now claims the whole damages. 2 nelly, That by., the contract, the consideration for the negroes was nl 600 dollars, 300 thereof in money in advance, and a horse at 90 dollars ; but which was improperly stated at the price of 150 dollars, making the 450 dollars mentioned in the writing : thereby operating as a penalty of 60 dollars, for a breach of the covenant to deliver tlS negroes within the time stipulated.
*339 Allen in his answer denies that he in any manner induced the complainant to become security in the contract, or that he impressed or countenanced the idea that the complainant should only be liable for 390 dollars, or for any sum less than the amount of the damages, in case of a breach of contract. He claims the time given to pay the 210 dollars as his privilege, but not a prohibition to an earlier payment, if he chose to make it; and states that the price of the horse was fixed at 150 dollars, and not 90 dollars, as alleged in the bill.
The circuit court decreed that the injunction should be perpetuated as to 60 dollars and cost, and dissolved as to the residue : from which both parties have complained to this court, one by appeal, and the other by writ of error, and have submitted both cases together.
With respect to the first ground relied on for relief against the balance of the judgment remaining unpaid, the depositions in the cause prove the same thing ia substance which the written agreement manifestly imports, that Allen was to pay the 210 dollars on receiving the negroes, and not before. It is obvious to the court, that this provision was intended for his benefit, as a condition precedent to be performed by the obli-gors, before he could be compelled to make payment. But surely the inference from, thence is very strained, that he might not discharge his bond for the same if he chose to do so, and the obligee was willing to receive it, There is no evidence which warrants the idea that Yo-der should not become liable upon a breach of the coa* ; tract for more than 390 dollars, if he would enter himself security in the writing. And the deposition ©£ Newland, the sheriff, completely repels that presumption. He states, that until alter the sale of the negroes in virtue of the execution aforesaid, Yoder spoke of Allen’s acting friendly and indulgent towards him on the subject of the execution ; but after the sale of those ne-groes, that Yoder then informed him he had discovered that Allen had taken an unfair advantage of him, and that he did not conceive himself in justice bound to, pay more on the said execution.
Now if Yoder had been induced improperly by Allen to become security, under the just belief that his, liability should extend no further than for the sum paid in advance ; so soon as the execution issued and he was. *340 called • the then: v damages, he must of which he now complains, and it would >een a subject of subsequent discovery only tb. >enor of his expressions concerning Al-ad Uti.m this point, therefore, we concur in ow. the mi lt«l K-., ch uighu ler'"s con, op’n'm with th-' cnv Dei
But with regard to thesecond ground relied on, the injunction perpetual as to 60 e of the horse, in case the ne-groes were not delivered agreeably to contract. Rut v-dth i. ur -J u. circuit court decreto dollars, the additional pn
We cannot perceive the importarte of this allegation, or the materiality of the fact, be it as it may, in tin pause.
For a failure to pay the negroes according to contract, the obligors became liable for damages to Allen. The measure of those damages was the value of the negrees described at the time and place of performance. This was the province of the jury to ascertain. It has done so, and the amount of consideration did not form a subject of material inquiry. The issue was not upon a supposed failure of consideration. And this is perfectly consistent with the idea of Dorsey, one of the ob-ligors, who stated to the witness that Alien was to give a certain sum in money and that horse for the two ne-groes, and that he did not care if Allen had fixed 500 dollars for his horse, for he was sure the negroes would be delivered agreeably to contract.
We do not concur therefore with the circuit court, ⅛ perpetuating the complainants injunction lor the 60 dollars, and decreeing him cost.
Wherefore, it is decreed and ordered, that the decree,, of the circuit court so far as it perpetuates the complain** ant’s injunction and gives him cost, be reversed ; and that it be affirmed as to the residue ; that the cause be remanded to said court, with directions to enter a decree acco/Angly.
And it is further decreed, that the appellant pay to, the appellee his cost in this court expended, and ten per * cent, damages on the amount of the damages decreed to him by the circuit court ; and that he, the defendant⅛ in the writ of error, do also pay to the plaintiff his cos* ⅜ herein expended.